UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| CATHY L. HAGER, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> OMNICARE, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civ. Action No. 5:19-cv-00484 |

## **DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

### I. INTRODUCTION

In her Complaint, Plaintiff does not allege a contractual relationship with Defendant, but instead predicates her claims on the assumption that Defendant entered into a contract with a third-party delivery company, which in turn entered into an independent contractor agreement with Plaintiff. The problem for Plaintiff—for the instant motion—is that Defendant did not enter into any contracts with Plaintiff or any third party courier companies in West Virginia during the timeframe that Plaintiff alleges she performed deliveries. Defendant has no connection to the forum that would subject it to personal jurisdiction in this matter, and Plaintiff's Complaint should be dismissed on that basis.

Plaintiff has also failed to plead facts indicating that this is a proper venue for her claims against Defendant. It is not, and Plaintiff's claims are separately subject to dismissal on that ground.

Because Plaintiff's Complaint is facially deficient, as will be discussed in the following Sections, her Complaint should be dismissed in full.

## II. STANDARD OF REVIEW

### A. 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction

In ruling on a motion to dismiss for lack of personal jurisdiction, the allegations of the complaint, except insofar as controverted by a defendant's affidavit or declaration, must be taken as true. *Wolf v. Richmond Cty. Hosp. Auth.*, 745 F.2d 904, 908 (4th Cir. 1984); *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 394 (4th Cir. 2003)). The court, however, "need not 'credit conclusory allegations or draw farfetched inferences.'" *Masselli & Lane, PC v. Miller & Schuh, PA*, No. 99-2440, 2000 WL 691100, at *1 (4th Cir. 2000) (per curiam) (quoting *Ticketmaster-N.Y., Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994)). "The Court's inquiry proceeds on a claim-by-claim basis." *McNeil v. Biaggi Prods., LLC*, No. 3:15cv751, 2017 WL 2625069, at *7 (E.D. Va. June 16, 2017).

"Once a defendant presents evidence indicating that the requisite minimum contacts do not exist, the plaintiff must come forward with affidavits or other evidence in support of its position." *Vision Motor Cars, Inc. v. Valor Motor Co.*, 981 F. Supp. 2d 464, 468 (M.D.N.C. Nov. 6, 2013). Ultimately, the plaintiff bears the burden "to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

### B. 12(b)(3) Motion to Dismiss for Improper Venue

Just as there must be personal jurisdiction over each of a plaintiff's claims, "there must be proper venue for each separate claim in a complaint." *Greenberry's Franchising Corp. v. Park*, No. 3:10-cv-00045, 2010 WL 5141285, at *2 (W.D. Va. Dec. 10, 2010). "When a defendant

challenges venue under Rule 12(b)(3), 'the plaintiff bears the burden of establishing that venue is proper.'" *Duke Energy Indus. Sales, LLC v. Massey Coal Sales Co.*, No. 5:11-cv-00092, 2011 WL 4744907, at *1 (S.D.W.V. Oct. 7, 2011) (quoting *Bartholomew v. Va. Chiropractors Ass'n*, 612 F.2d 812, 816 (4th Cir. 1979)).

In analyzing whether a plaintiff has met that burden, a plaintiff cannot rely on legal conclusions and other conclusory allegations in his complaint. *See, e.g., Westley v. Bryant*, No. 14-CV-5002 (PJS/BRT), 2015 WL 2242161, at *6 (D. Minn. May 12, 2015) ("[W]hen reviewing a motion to dismiss for improper venue, a court need only accept the plaintiff's well-pled factual allegations as true, not his legal conclusions or other conclusory statements."). Indeed, "a court need not accept the pleadings as true, and it may consider evidence outside of those pleadings." *Rihani v. Team Exp. Distributing, LLC*, 711 F. Supp. 2d 557, 558 (D. Md. 2010).

### III. DISCUSSION

Plaintiff's case should be dismissed, in full, on two separate grounds. First, Defendant is not subject to personal jurisdiction in this Court. Second, Plaintiff has not established that venue is appropriate in this District.

### A. This Court Does Not Have Personal Jurisdiction over Defendant on Plaintiff's Claims.

Defendant is not a resident of West Virginia. (Complaint, Doc. 1 ¶ 4.) Accordingly, for this Court to exercise personal jurisdiction over Defendant, "(1) a statute must authorize service of process on [Defendant], and (2) the service of process must comport with the Due Process Clause." *In re Celotex Corp.*, 124 F.3d 619, 627 (4th Cir. 1997). Because the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary for the Court to engage in the normal two-step formula for determining the existence of personal jurisdiction.

*Id.* at 627–28. Instead, the statutory and constitutional inquiries merge, and the Court must assess whether exercising personal jurisdiction over Defendant is consistent with the Due Process Clause. *Id.* at 628.

Personal jurisdiction may be either general or specific. *PTA-FLA, Inc. v. ZTE Corp.*, 715 F. App'x 237, 241 (4th Cir. 2017). The following sections will discuss why neither form of personal jurisdiction is appropriate in this case.

### 1. This Court Does Not Have General Jurisdiction over Defendant.

The application of general jurisdiction over a defendant requires a plaintiff to meet an exacting standard. As the Supreme Court held in *Goodyear Dunlop Tires Operations, S.A. v. Brown*, such jurisdiction is appropriate only when a defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." 564 U.S. 915, 919 (2011). It then re-emphasized this high bar in *Daimler AG v. Bauman*, noting:

> General jurisdiction . . . calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide. A corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, "at home" would be synonymous with "doing business" tests framed before specific jurisdiction evolved in the United States.

571 U.S. 117, 139 n.20 (2014). For that reason, a corporation's "paradigm" bases for general jurisdiction are its place of incorporation and principal place of business. *Id.* at 137. It is only in an "exceptional case" that a "corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 117 n.19.

This is not an exceptional case. Plaintiff's Complaint contains no allegations indicating that Defendant is "at home" in West Virginia. In fact, Plaintiff specifically pleads to the contrary, noting that Defendant is "Cincinnati-based" and "organized in Delaware, with its

headquarters (principal place of business) in Cincinnati, Ohio."   (Compl., Doc. 1 ¶¶ 4, 10.) Defendant maintains no offices in West Virginia, and has no employees in West Virginia. (Declaration of Thomas S. Moffatt, Exhibit A, ¶¶ 2–3.)  Defendant is not subject to general jurisdiction in West Virginia.

2. *This Court Does Not Have Specific Jurisdiction over Defendant.*

Unlike general jurisdiction, specific jurisdiction "depends on an 'activity or an occurrence that takes place in the forum State' and is 'confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *PTA-FLA, Inc.*, 715 F. App'x at 242 (quoting *Goodyear*, 564 U.S. at 919).  To assess whether it may properly exercise personal jurisdiction over a defendant, courts consider "(1) the extent to which the defendant 'purposefully avail[ed]" itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002).  The plaintiff must prevail on each prong.  *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 189 (4th Cir. 2016).

Plaintiff cannot establish the second prong of the personal jurisdiction inquiry.  "For a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'"  *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017) (quoting *Goodyear*, 564 U.S. at 919) (alteration in original). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State."  *Id.*  The analysis is limited to the experiences of plaintiff alone.  *See id.* (noting that the experiences of other plaintiffs did "not allow the State to

5

assert specific jurisdiction over the nonresidents' claims"). Moreover, the majority view is that "'joint employer' theories are bases for liability, **not** tests for personal jurisdiction." *Campanelli v. Image First Uniform Rental Serv., Inc.*, No. 15-cv-04456-PJH, 2016 WL 4729173, at *7 (N.D. Cal. Sept. 12, 2016) (emphasis added); *accord Heidbrink v. ThinkDirect Mktg. Grp., Inc.*, No. 8:14-cv-1232-T-30AEP, 2014 WL 3585698, at *4 (M.D. Fla. July 21, 2014) ("A joint employer theory is relevant to establish liability against a defendant under the FLSA; it is not relevant to establish specific jurisdiction . . . ."); *In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litig.*, 735 F. Supp. 2d 277, 328 (W.D. Pa. 2010) ("[T]he joint employer issue is not relevant to the specific jurisdiction analysis."). Accordingly, the acts of one alleged joint employer do not suffice to create specific jurisdiction over another.

Plaintiff's jurisdictional theory is predicated on one fundamental misconception—namely, that Defendant "contracts with various companies . . . , who in turn contract with pharmaceutical delivery drivers," including Plaintiff. (Doc. 1 ¶ 1.) Defendant, however, never entered into a contract with any courier company for the delivery of pharmaceuticals in West Virginia during the time that Plaintiff alleges she worked as a driver. (Ex. A ¶ 8; Doc. 1 ¶ 2.) Each of Plaintiff's subsequent allegations flow from this erroneous assumption and, therefore, collapse under their weight.

For the sake of completeness, Defendant states that, during the time Plaintiff alleges she worked as a driver, Defendant did not: (1) have any employees in West Virginia who could have interacted with Plaintiff; (2) maintain offices, facilities, warehouses, or distribution centers in

West Virginia, let alone offices or facilities to or from which Plaintiff could have made deliveries; or (3) in any way interact with Plaintiff.[1]  (Ex. A ¶¶ 2–7.)

Accordingly, Plaintiff's claims must be dismissed for lack of personal jurisdiction.

### B. Plaintiff Has Not Pled Facts Suggesting that Venue Is Proper in This Court.

Although the lack of personal jurisdiction is dispositive, Plaintiff's claim is separately subject to dismissal because she has not pled facts permitting a plausible inference that venue is proper in this District or Division.  The general federal venue statute, which is applicable in this action, provides that a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, and judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Plaintiff admits that Defendant does not reside in West Virginia.  (Doc. 1 ¶ 4.)  Instead, Plaintiff's suggests that venue is proper "because a substantial part of the events giving rise to this action occurred in this District and the Defendant is subject to personal jurisdiction in this District."  (Doc. 1 ¶ 8.)  This Court, however, does not have personal jurisdiction over Defendant for the reasons discussed in the preceding section.  (*See infra* Part III.A.)  Accordingly, to

---

[1] It should be noted that Plaintiff's attempt to superimpose the alleged acts of the company with which she directly interacted has resulted in inconsistent allegations in her Complaint.  For example, despite admitting that she entered into her independent contractor agreement with a "regional delivery company" (Doc. 1 ¶ 16), she subsequently makes contradictory allegations about Defendant having a role in "misclassifying" and "paying" (or "failing to pay") drivers.  (*Id.* ¶¶ 22, 39, 42, 43.)  Whatever the propriety of this tactic for purposes of pleading a joint employment claim, it does not alleviate her burden of identifying specific acts of Defendant, not an alleged joint employer, to establish specific jurisdiction.  *See, e.g., Campanelli*, 2016 WL 4729173, at *7; *Heidbrink*, 2014 WL 3585698, at *4; *In re Enterprise*, 735 F. Supp. 2d at 328.

establish venue Plaintiff bears the burden of establishing that venue is proper in this Court by virtue of a substantial portion of the events giving rise to the action occurring in this District. *Duke Energy*, 2011 WL 4744907, at *1.

Plaintiff has not done so. Plaintiff's conclusory statement that a "substantial part of the events giving rise to this action occurred in this District" is not supported by factual allegations. (Doc. 1 ¶ 8.) This threadbare conclusion is not entitled to any weight in the Court's venue analysis. *Westley*, 2015 WL 2242161, at *6. While Plaintiff makes several erroneous allegations in her Complaint about alleged acts "in West Virginia" generally, she makes no allegations specific to this District or Division. Moreover, as discussed in the preceding section, Defendant did not enter into any contracts for the delivery of pharmaceuticals with a courier company in West Virginia during the time frame in which Plaintiff worked, and did not interact with Plaintiff at all. Accordingly, *none* of the acts alleged by Plaintiff against Defendant occurred in this District or Division, let alone a "substantial part" of them.

Plaintiff has not pled facts suggesting that venue is proper in this District, and accordingly, her Complaint should be dismissed.

## IV. CONCLUSION

In light of the foregoing, Plaintiff's Complaint should be dismissed for want of personal jurisdiction and for improper venue.

Respectfully submitted this 23rd day of August 2019.

**DINSMORE & SHOHL LLP**

Ashley C. Pack (WV Bar No. 10477)
Anna M. Dailey (WV Bar No. 4525)
707 Virginia St. E., Suite 1300
Charleston, WV 25301
(304) 357-9937
ashley.pack@dinsmore.com
anna.dailey@dinsmore.com

*Counsel for Defendant Omnicare, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2019, I caused to be served a true copy of DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT by electronic means (ECF) on:

Thomas R. Goodwin
Susan C. Wittemeier
W. Jeffrey Vollmer
Carrie Goodwin Fenwick
**GOODWIN & GOODWIN, LLP**
300 Summers Street, Suite 1500
Charleston, WV 25301
(304) 346-7000
trg@goodwingoodwin.com
scw@goodwingoodwin.com
wjv@goodwingoodwin.com
cgf@goodwingoodwin.com

Harold L. Lichten
Zachary L. Rubin
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston St., Suite 2000
Boston, MA 02116
(617) 994-5800
hlichten@llrlaw.com
zrubin@llrlaw.com

*/s/ Ashley C. Pack*
Ashley C. Pack

*Counsel for Defendant Omnicare, Inc.*

10