# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

|  |  |  |
|---|---|---|
| _____ | ) | |
| CATHY L. HAGER, | ) | CIVIL ACTION NO: 5:19-CV-00484 |
| | ) | |
| on behalf of herself and all | ) | |
| others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OMNICARE, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
### DEFENDANT'S MOTION FOR PROTECTIVE ORDER

The Court imposed a deadline of October 31, 2019 for initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). ECF No. 12. Defendant Omnicare, Inc. ("Omnicare" or "Defendant") moved for a protective order on October 28, 2019 and asked the Court to relieve Omnicare of its obligation to make such disclosures unless and until the Court issued an order denying Omnicare's previously-filed motion to dismiss. ECF No. 21. Plaintiff opposes Omnicare's request for protective order.

As Plaintiff explained in her brief opposing Omnicare's motion to dismiss, Omnicare's arguments for dismissal are entirely without merit. ECF No. 17. This Court may, and should, exercise jurisdiction over Omnicare in this case. Accordingly, Omnicare's motion for protective order should also be denied.

1

Furthermore, Omnicare did not make any Rule 26(a)(1) disclosures by the October 31 deadline. Nor has it made any such disclosures to date. Omnicare has no justification for this unilateral refusal to comply with the Rule 26(a)(1) disclosure deadline. Rule 26(a)(1) states that such disclosures "must" be made unless "otherwise stipulated or ordered by the court." Plaintiffs have agreed to no such stipulation, and the Court has not entered any order relieving Omnicare of its filing obligation. Accordingly, Plaintiffs respectfully ask the Court to deny Omnicare's motion for protective order and to require Omnicare to immediately issue its Rule 26(a)(1) initial disclosures.

Date: November 8, 2019

Respectfully submitted,

CATHY L. HAGER, on behalf of herself and others similarly situated,

By her attorneys,

/s/  Harold L. Lichten_____
Harold L. Lichten, admitted *pro hac vice*
Zachary L. Rubin, admitted *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA  02116
(617) 994-5800
hlichten@llrlaw.com
zrubin@llrlaw.com

Thomas R. Goodwin (WV Bar No. 1435)
Susan C. Wittemeier (WV Bar No. 4104)
W. Jeffrey Vollmer (WV Bar No. 10277)
Goodwin & Goodwin, LLP
300 Summers Street, Suite 1500
Charleston, WV 25301
(304) 346-7000
trg@goodwingoodwin.com
scw@goodwingoodwin.com
wjv@goodwingoodwin.com

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing document was served via CM-ECF on

November 8, 2019, on counsel for Defendant:

Ashley C. Pack (WVSB No. 10477)
Anna M. Dailey (WVSB No. 4525)
Dinsmore & Shohl LLP
707 Virginia St., East; Suite 1300
Charleston, WV 25301

Nancy E. Rafuse, Esq.
James J. Swartz, Jr. Esq.
J. Stanton Hill, Esq.
Andrew M. McKinley, Esq.
Seyfarth Shaw LLP
1075 Peachtree Street, NE; Suite 2500
Atlanta, GA 30309


/s/   Harold L. Lichten_____
        Harold L. Lichten