**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| _____ | ) | |
| CATHY L. HAGER, | ) | CIVIL ACTION NO: 5:19-CV-00484 |
| | ) | |
| on behalf of herself and all | ) | |
| others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OMNICARE, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO
STRIKE THE NOTICE OF CONSENT FILED BY EUGENE MESSICK AND TO
DISMISS HIM WITHOUT PREJUDICE**

## I.    INTRODUCTION

Plaintiff hereby opposes and objects to Defendant's superfluous motion to strike the notice of consent filed by Eugene Messick and to dismiss him without prejudice.  First, as the Court knows, Defendant raised the exact same erroneous arguments under *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1776, 198 L. Ed. 2d 395 (2017) in its contemporaneously filed opposition to Plaintiff's motion for conditional certification.  *See* Dkt. 35.  This duplicative motion to strike is entirely unnecessary and forces Plaintiff to engage in unnecessary briefing.  Defendant's motion also provides Omnicare with an unwarranted (but perhaps calculated) opportunity to get the "last word" on certain issues raised by Omnicare in opposition to Plaintiff's motion for conditional certification. Indeed, a simple footnote in its conditional certification opposition, arguing that Mr. Messick's consent form should be dismissed without prejudice, would have been sufficient to protect any legitimate interests Omnicare has in filing this motion.  This is especially true where courts frequently deny pre-certification efforts to strike opt-in forms. *See, e.g., Kirkpatrick v. Cardinal Innovations Healthcare Sols.*, No. 1:16CV1088, 2017, WL 3841858, at *4 (M.D.N.C. Sept. 1, 2017) (denying motion to strike opt-in consent form pre-certification); *see also Hicks v. Houston Baptist Univ.*, No. 5:17-CV-629-FL, 2019 WL 96219, at *6 (E.D.N.C. Jan. 3, 2019) (denying defendant's motion to strike putative class members' claims under *Bristol-Myers*).

Second, Omnicare's *Bristol-Myers* argument is wholly without merit.  This Court and its sister district courts in the Fourth Circuit (as well as numerous other courts) have plainly held that *Bristol-Myers* is inapplicable to class and collective actions in federal court.  *See, e.g., Ross v. Huron Law Grp. W. Virginia, PLLC*, No. CV 3:18-0036, 2019 WL 637717, at *3 (S.D.W. Va. Feb. 14, 2019) (rejecting application of *Bristol-Myers* to class actions and finding that class actions contain due process protections not present in state mass tort actions); *Hunt v. Interactive Med.*

*Specialists, Inc.*, No. 1:19CV13, 2019 WL 6528594, at *2 (N.D.W. Va. Dec. 4, 2019) (*Bristol-Myers* "does not apply to FLSA collective actions."); *see also Solomon v. Am. Web Loan*, No. 4:17CV145, 2019 WL 1320790, at *18 (E.D. Va. Mar. 22, 2019) (*Bristol-Myers* does not apply to federal RICO claims where the conspiracy reached the forum state, in contrast to the California state tort actions in *Bristol-Myers* alleged by out-of-state plaintiffs); *Hicks v. Houston Baptist Univ.*, 2019 WL 96219, at *5 (*Bristol-Myers* does not apply to class actions in federal court); *Morgan v. U.S. Xpress, Inc.*, No. 3:17-CV-00085, 2018 WL 3580775, at *5 (W.D. Va. July 25, 2018) ("*Bristol-Myers Squibb's* holding and logic do not extend to the federal class action context."). Indeed, the U.S. Supreme Court has itself clarified that its *Bristol-Myers* decision was limited to "the due process limits on the exercise of specific jurisdiction by a State" court, leaving open the question of "whether the same restrictions on the exercise of personal jurisdiction [apply to] a federal court." *Bristol-Myers*, 137 S. Ct. at 1784. There is no reason to depart from the well-reasoned, persuasive, and on point decisions from federal courts in both the Southern and Northern Districts of West Virginia that have already addressed this issue.

## II.    ARGUMENT

### A.    *Bristol-Myers does not apply to FLSA collectives in federal court.*

#### i.      This Court and others have found that *Bristol-Myers* does not apply here.

The authority in this district and the Fourth Circuit is overwhelming that *Bristol-Myers* does not apply to collective and class actions. *See Ross v. Huron Law Grp. W. Virginia, PLLC*, 2019 WL 637717, at *3; *Hunt v. Interactive Med. Specialists, Inc.*, 2019 WL 6528594, at *2; *Morgan v. U.S. Xpress, Inc.*, 2018 WL 3580775, at *5; *Hicks v. Houston Baptist Univ.*, 2019 WL 96219, at *5. *Bristol-Myers* is flatly inapposite here.

As explained by this district in *Ross, Bristol-Myers'* holding does not extend to federal class actions. 2019 WL 637717, at *4. Indeed, unlike state mass tort actions in state court (that

often are brought as individual actions because they cannot be adjudicated on a class wide basis), federal statutory class and collective actions contain procedural due process safeguards that permit nationwide resolution of similarly situated claims in federal court. *Id.* at *3-4.

### ii. Other courts from outside this Circuit have similarly rejected application of *Bristol-Myers* in collective and class actions.

The unanimous view of the district courts in the Fourth Circuit is shared by the majority of courts throughout the country. *See Garcia v. Peterson*, 319 F. Supp. 3d 863, 880 (S.D. Tex. 2018) (*Bristol-Myers* does not apply the FLSA collective actions); *Swamy v. Title Source Inc.*, No. C 17-01175 WHA, 2017 WL 5196780 (N.D. Cal. Nov. 10, 2017) (finding *Bristol-Myers* inapplicable to FLSA collective actions where "[u]nlike the claims at issue in Bristol-Myers, [the court had before it] a federal claim created by Congress specifically to address employment practices nationwide"); *Seiffert v. Qwest Corp.,* No. CV-18-70-GF-BMM, 2018 WL 6590836, at *3 (D. Mont. Dec. 14, 2018) ("[T]he Supreme Court in *Bristol-Myers* did not intend to restrict a federal district court's personal jurisdiction in FLSA collective actions authorized by Congress."); *Mason v. Lumber Liquidators, Inc.*, No. 17CV4780MKBRLM, 2019 WL 3940846, at *7 (E.D.N.Y. Aug. 19, 2019) (even if defendant had not waived its *Bristol-Myers* defense, it would not apply to federal FLSA collective); *Sanchez v. Launch Tech. Workforce Sols., LLC*, 297 F. Supp. 3d 1360, 1366 (N.D. Ga. 2018) (*Bristol-Myers* does not apply to class actions because due process "is not offended by a potential class-action in federal court where the plaintiff class is made up in part with non-resident members."); *In re Chinese-Manufactured Drywall Prod. Liab. Litig.,* No. CV 09-4115, 2020 WL 128589, at *5 (E.D. La. Jan. 10, 2020) ("*Bristol–Myers Squibb* does not change this Court's jurisdictional findings and class certification."); *Krumm v. Kittrich Corp.,* No. 4:19 CV 182 CDP, 2019 WL 6876059, at *5 (E.D. Mo. Dec. 17, 2019) (rejecting application of *Bristol-Myers* to class actions); *Murphy v. Aaron's, Inc.*, No. 19-CV-00601-CMA-KLM, 2019 WL 5394050, at *8 (D.

Colo. Oct. 22, 2019) ("agree[ing] with the majority position and declin[ing] to extend the holding in *Bristol-Myers* to the class action at issue.").

**B.      Defendant (and the minority of courts from outside this Circuit) misread Bristol-Myers**

Defendant's argument that *Bristol-Myers* should apply is based on legally and factually erroneous analogies between state mass tort actions in state court and federal collective actions in federal court.[1]  *Bristol-Myers* concerns the specific case where out of state plaintiffs attempt to avail themselves of foreign state law claims in state court; not federal collective claims in federal court.  The due process analysis in *Bristol-Myers* is wholly irrelevant and Defendant's assertion that *Bristol-Myers* is controlling is belied by the Supreme Court's holding itself stating that its decision is limited to state mass tort actions, not federal actions in federal court. *See* 137 S. Ct. at 1784. The due process concerns at issue in *Bristol-Myers* are immaterial here where Congress has expressly authorized collective actions and where the federal claims at issue under the FLSA are the same regardless of the claimant's residency.  *See Plixer Int'l, Inc. v. Scrutinizer GMBH,* 2017 WL 4683922, *3 (D. Me. Oct. 18, 2017) ("Because federal law controls, the Fifth Amendment rather than the Fourteenth Amendment due process clause applies.  That creates a conceptual difference because the Fifth Amendment, unlike the Fourteenth, does not involve the factor of relationships among states in our federal system.").  Nothing about a federal court asserting personal jurisdiction over Omnicare for violations of federal law arising out of Omnicare's uniform system of delivering pharmaceutical products nationwide offends the principles of due process.  In

---

[1]      Omnicare's reliance on *Bristol-Myers* is misplaced because that case was expressly limited to the very different question of the limits to a state court's personal jurisdiction over an out-of-state defendant based on federalism concerns inherent in the Fourteenth Amendment's Due Process Clause. 137 S.Ct. at 1799 ("Because 'a state court's assertion of jurisdiction exposes defendants to the State's coercive power,' it is 'subject to review for compatibility with the Fourteenth Amendment's Due Process Clause,' which 'limits the power of a state court to render personal judgment against a nonresident defendant….'" *Id*. at 1799 (citations omitted)).

contrast to a case where individual plaintiffs asserted "13 claims under California law" despite not being California residents, the putative collective members here are all protected by the FLSA and are all permitted by Congress to join Plaintiff's collective action.  Indeed, nationwide collectives are commonly certified under the FLSA, including where the defendant and putative collective members are non-residents of the federal forum.[2]

Although there are differences between the FLSA's two-stage certification process of certifying a class under the FLSA compared to under Rule 23, both federal procedures provide robust procedural protections that are unavailable in the context of state mass tort actions.  More fundamentally, FLSA claims are federal claims intended to be resolved on a class wide basis and the class certification process is nothing like out-of-state residents asserting state law claims in state court.  FLSA collectives and Rule 23 actions are far more similar for purposes of the due process analysis. Both FLSA collectives and Rule 23 actions depend on representative plaintiffs asserting claims that are to be adjudicated based on common evidence.  If Congress intended the FLSA process to be akin to mass tort actions, the two-tiered FLSA certification process to determine whether class members are similarly situated to representative plaintiffs would be nonsensical.  *See Turner v. BFI Waste Servs., LLC*, 292 F. Supp. 3d 650, 652 (D.S.C. 2017)

---

[2]      *See, e.g., Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1262-69 (11th Cir. 2008) (upholding the denial of a motion to decertify a nationwide FLSA collective action for thousands of store managers seeking to recover unpaid overtime compensation against a North Carolina corporation); *Godhigh v. Savers, LLC*, 2016 WL 7406659 (N.D. Cal. Dec. 22, 2016) (granting conditional certification of nationwide class of managers working at retail thrift stores across the country owned by company incorporated in Washington state); *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759 (N.D. Ohio 2015) (granting conditional certification of individuals in 49 states who worked as co-managers at in-store bank branches operated by company incorporated in Delaware with principal executive offices in Minnesota); *Gordon v. TBC Retail Grp., Inc.,* 134 F. Supp. 3d 1027 (D.S.C. 2015) (granting conditional certification of nationwide class of mechanics employed by company with corporate offices in Florida and retail and distribution centers located across the country); *Shaia v. Harvest Mgmt. Sub LLC*, 306 F.R.D. 268, 276 (N.D. Cal. 2015) (granting conditional certification of nationwide class of executive chefs employed at senior retirement communities across the country operated by company incorporated in Oregon).

(emphasis added) ("[O]nce a collective action has been certified, FLSA plaintiffs opt in to an action as a whole as opposed to a claim-by-claim basis.").[3]

### i.   Putative Collective Member Messick Has Solely Asserted Federal Claims Under the FLSA's Statutory Collective Action Process

Mr. Messick has asserted identical claims under the FLSA as Plaintiff Hager.  This Court has been adequately briefed on the question of whether Plaintiff Hager is similarly situated to other drivers nationwide such as Mr. Messick who lives in Ohio.  If this Court grants nationwide conditional certification it will be because Plaintiff has met her light burden of proof *at this early stage*.  *See* Dkt. 33 at 3.  Indeed, even assuming this Court grants nationwide conditional certification, Omnicare will have ample opportunity to avail itself of the due process protections inherent to the collective action process (e.g., filing a motion for decertification).

Defendant's attempt to square the disparate facts in *Bristol-Myers* with the case here demonstrates a misunderstanding of the due process analysis. It assumes that the only factually and legally relevant question concerns the process by which a collective member joins the federal statutory claims in federal court.  It ignores the fact that Congress conferred jurisdiction over federal courts to resolve collective claims of similarly situated individuals nationwide.  There is absolutely no indication that Congress intended the FLSA's collective action scope to be limited in the way that the Fourteenth Amendment limits out of state residents from bringing foreign state claims in state courts for which they have no connection.  This is not a case where Mr. Messick is trying to bring West Virginia state law claims in West Virginia state court.  Indeed, "t[h]e

---

[3]    State mass torts, by comparison, are simply a conglomeration of truly individual cases that are adjudicated on an individual basis.  An FLSA collective action is nothing like out of state residents asserting state law claims in state court on an individual (albeit mass) basis.  Defendant has wholly failed to explain why this Court should depart from every court in this Circuit that has found that *Bristol-Myers* does not apply to class and collective actions or has at least applied great skepticism regarding its application (without affirmatively deciding the issue). *See, e.g., Weisheit*, 2018 WL 1942196 at *5 (expressing skepticism that *Bristol-Myers* applies to class and collective actions, while declining to decide the issue).

majority's animating concern [in *Bristol Myers*], in the end, appears to be federalism." *Bristol-Myers*, 137 S. Ct. at 1788. Here in contrast, this court is merely applying the congressional mandate to ensure that all FLSA covered workers receive the minimum protections of the FLSA, regardless of what state they live in our federalist system. Omnicare wishes to ignore these legally and factually critical distinctions in favor of an incomplete analysis that would unnecessarily burden Mr. Messick and require him to start a new action where the FLSA's collective action process is designed to defeat just that issue. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172, 110 S. Ct. 482, 487, 107 L. Ed. 2d 480 (1989) ("Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action.").

## III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court promptly deny Defendant's meritless and superfluous motion.

Dated: February 7, 2020

Respectfully submitted,

Cathy Hager,
on behalf of herself and all
others similarly situated,

By her attorneys,

/s/   Thomas R. Goodwin
Thomas R. Goodwin (WV Bar No. 1435)
Susan C. Wittemeier (WV Bar No. 4104)
W. Jeffrey Vollmer (WV Bar No. 10277)
Goodwin & Goodwin, LLP
300 Summers Street, Suite 1500
Charleston, WV 25301
(304) 346-7000

trg@goodwingoodwin.com
scw@goodwingoodwin.com
wjv@goodwingoodwin.com

Harold L. Lichten, admitted *pro hac vice*
Zachary L. Rubin, admitted *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA  02116
(617) 994-5800
hlichten@llrlaw.com
zrubin@llrlaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE NOTICE OF CONSENT FILED BY EUGENE MESSICK AND TO DISMISS HIM WITHOUT PREJUDICE** was served via CM/ECF system on February 7, 2020 to the following:

Ashley C. Pack
Dinsmore & Shohl LLP
707 Virginia Street, East
Suite 1300
Charleston, WV 25301
*Counsel for Omnicare Defendants*

James J. Swartz, Jr. (pro hac vice)
Nancy E. Rafuse (pro hac vice)
J. Stanton Hill (pro hac vice)
Andrew McKinley (pro hac vice)
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309
*Counsel for Omnicare Defendants*
*Counsel for Defendants*


/s/ Thomas R. Goodwin


Counsel for Plaintiff