**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

CATHY L. HAGER, on behalf of herself
and all others similarly situated,

        Plaintiff,

   v.

OMNICARE, INC.,

        Defendant.

Civil Action No. 5:19-CV-00484

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE THE
NOTICE OF CONSENT FILED BY EUGENE MESSICK AND TO DISMISS HIM
WITHOUT PREJUDICE**

**I.      INTRODUCTION**

In seeking a nationwide FLSA collective action, Plaintiff ignores constitutional

bedrock: whether in federal or state court—and no matter the claim or statute at issue—

due process requires that a defendant have minimum contacts with the forum arising out of

each plaintiff's claims, such that the court's exercise of personal jurisdiction over the

defendant does not offend traditional notions of fair play and substantial justice.  Because

Defendant had no such contacts with West Virginia that gave rise to the claims of Opt-In

Plaintiff Eugene Messick ("Messick"), and because FLSA opt-ins are party plaintiffs who

must independently establish jurisdiction, Messick must be dismissed from this case.

**II.      DISCUSSION**

Motions to strike opt-in consent forms and to dismiss are routine when a court lacks

personal jurisdiction over the opt-ins in FLSA collective actions.[1]  *See, e.g.*, *Canady v.*

---

[1] In cursory fashion, Plaintiff cites to *Hicks v. Houston Baptist University*, No. 5:17-CV-
629-FL, 2019 WL 96219, at *6 (E.D.N.C. Jan. 3, 2019), and *Kilpatrick v. Cardinal*

*Anthem Cos.*, No. 1:19-cv-01084-STA-jay, 2020 WL 529708, at *6 (W.D. Tenn. Feb. 3, 2020) (granting a motion to dismiss out-of-state opt-in plaintiffs, filed in addition to an opposition to conditional certification, based on *Bristol-Myers*); *Chavira v. OS Restaurant Servs., LLC*, No. 18-cv-10029-ADB, 2019 WL 4769101, at *7 (D. Mass Sept. 30, 2019) (granting motion to strike FLSA opt-in notices for out-of-state opt-ins for lack of personal jurisdiction based on *Bristol-Myers*).   The same result must attain here, where it is uncontested that Messick's claim have no connection to West Virginia.

Plaintiff's insistence that this Court has personal jurisdiction over Messick, despite his claims admittedly having no connection to West Virginia, rests on weak—indeed, legally erroneous—pillars that necessarily collapse upon themselves.   First, Plaintiff attempts to rely on district court decisions analyzing absent Rule 23 class members, on the belief that such actions are identical to FLSA collective actions because they allegedly "depend on representative plaintiffs."   (Dkt. No. 40, at 6.)   That is wrong.   Collective actions are decidedly *not* comparable forms of representative actions, because opt-in plaintiffs in FLSA cases are party plaintiffs with the same status in relation to an action's claims as the named plaintiff.   For that reason, they are indistinguishable from the mass-action plaintiffs in *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017).

---

*Innovations Healthcare Solutions*, No. 1:16CV1088, 2017 WL 3841858, at *4 (M.D.N.C. Sept. 1, 2017), to support the extraordinary proposition that the filing of a motion to dismiss (and strike related opt-in notices) for lack of personal jurisdiction is somehow improper. (Dkt. No. 40, at 2.)   *Hicks*, which dealt with Rule 23 class actions (not FLSA collectives), is inapposite and speaks in no way to the procedural propriety of filing such motion. *Kilpatrick* did not concern personal jurisdiction at all and, accordingly, did not address the need to move to dismiss for want at personal jurisdiction promptly—as occurred with Messick here.

Second, Plaintiff asserts that this case is somehow different from *Bristol-Myers* because it involves a claim in federal court under federal law, and Congress allegedly provided "absolutely no indication" that personal jurisdiction under the statute would not be nationwide. This, too, is wrong. Congress could have provided for such nationwide personal jurisdiction by incorporating a nationwide service of process provision into its text, as it has done for many other statutes. Instead, it chose not to, which is a clear—indeed, in this case, dispositive—indication of the FLSA's jurisdictional parameters.

None of Plaintiff's legally flawed arguments allows her to escape a simple reality: this Court must have personal jurisdiction over Defendant as to each opt-in plaintiff's claims. Because the Court lacks such jurisdiction with respect to the claims of out-of-state drivers, Messick should be dismissed from this case.

### A. Plaintiff Conflates Class Actions Under Rule 23 and Collective Actions Under the FLSA.

While Plaintiff baldly claims in her brief that Rule 23 class actions and FLSA collective actions are analogous because they both "depend on representative plaintiffs" (Dkt. No. 40, at 6), the law says otherwise. "A collective action is *not* a comparable form of representative action." *Pettenato v. Beacon Health Options, Inc.*, No. 19-CV-1646 (JPO)(BCM), 2019 WL 5587335, at *9 (S.D.N.Y. Oct. 25, 2019) (quoting *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1105 (9th Cir. 2018)) (emphasis added) (internal quotation marks omitted). Indeed, a named plaintiff in an FLSA collective action "lack[s] any personal interest in representing others." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 73 (2013).

That is so because, unlike absent Rule 23 class members, FLSA "[o]pt-in plaintiffs are considered party plaintiffs with the same status as the named plaintiffs." *Butler v.*

*DirectStat USA, LLC*, 800 F. Supp. 2d 662, 666 (D. Md. 2012) (citing *Prickett v. DeKalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003)). As one court in the Fourth Circuit has observed:

> "[t]hese two forms of lawsuit differ in that a named plaintiff in a [collective] action has no interest in the collective action beyond [his or] her individual claim because no separate legal entity is created . . . [, while a class action] created a 'plaintiff class' which is then represented by the named plaintiff and plaintiff's counsel." In other words, while class actions function by homogenizing every potential plaintiff into a single legal entity that the named plaintiff represents, in a collective action "every named and 'opt-in' plaintiff pursues his or her individual claim."

*Andreana v. Va. Beach City Pub. Schs.*, No. 2:17-cv-574, 2019 WL 572872, at *3 (E.D. Va. Feb. 12, 2019) (quoting *Oldershaw v. DaVita Healthcare Partners, Inc.*, 255 F. Supp. 3d 1110, 1113 (W.D. La. 2017)); *accord Symczyk*, 569 U.S. at 75 (noting that, while putative classes under Rule 23 acquire "independent legal status," certification under the FLSA "does not produce a class with independent legal status, or join additional parties to the action"). Similarly, because "there is no statutory distinction between the roles or nomenclature assigned to original and [FLSA] opt-in plaintiffs," FLSA opt-in plaintiffs are treated like original plaintiffs rather than absent Rule 23 class members with respect to the litigation and discovery. *Campbell*, 903 F.3d at 1104; *see also Ewers v. City of Perersburg*, No. 3:16CV29 (HEH), 2016 WL 9226394, at *1 (E.D. Va. June 3, 2016) (holding that, "in FLSA cases, by affirmatively electing to opt in, class members under § 216(b) have agreed to participate in the litigation to an extent that class members under rule 23 have not," and permitting discovery on opt-ins). Consequently, "a collective action is more accurately described as a kind of mass action [like in *Bristol-Myers*], in which aggrieved workers act as a collective of *individual* plaintiffs with *individual* cases." *Pettenato*, 2019 WL 5587335, at *9.

As set forth in greater detail in Defendant's moving brief, these fundamental differences between class and collective actions go to the heart of the *Bristol-Myers* jurisdictional analysis. Nevertheless, to hear Plaintiff tell it, "overwhelming" authority stands opposed to Defendant's personal jurisdiction arguments in this FLSA litigation. Far from overwhelming, Plaintiff's authority is largely focuses on inapposite Rule 23 class actions,[2] rather than the FLSA collective actions actually at issue in this case.[3]

With the proper reference point—the FLSA—set, "[t]he weight of authority is that the strictures of [*Bristol-Myers Squibb*] apply in the FLSA . . . context." *Vallone v. CJS Solutions Grp., LLC*, No. 19-1532 (PAM/DTS), 2020 WL 568889, at *3 (D. Minn. Feb. 5, 2020). This authority is set forth in Defendant's moving brief, and need not be repeated here. Nevertheless, Defendant notes that, in the short time since the filing of the instant

---

[2] *See, e.g.*, *Ross v. Huron Law Grp. W. Va., PLLC*, No. CV 3:18-0036, 2019 WL 637717, at *3 (S.D. W. Va. Feb. 14, 2019) (Rule 23 class action); *Solomon v. Am. Web Loan*, No. 4:17CV145, 2019 WL 1320790, at *18 (E.D. Va. Mar. 22, 2019) (Rule 23 class action); *Hicks v. Hous. Baptist Univ.*, No. 5:17-CV-629-FL, 2019 WL 96219, at *5 (E.D.N.C. Jan. 3, 2019) (Rule 23 class action); *Morgan v. U.S. Xpress, Inc.*, No. 3:17-CV-00085, 2018 WL 3580775, at *5 (W.D. Va. July 25, 2018) (Rule 23 class action); *Sanchez v. Launch Tech. Workforce Sols., LLC*, 297 F. Supp. 3d 1360, 1366 (N.D. Ga. 2018) (Rule 23 class action); *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, No. CV 09-4115, 2020 WL 128589, at *5 (E.D. La. Jan. 10, 2020) (Rule 23 class action); *Krumm v. Kittrich Corp.*, No. 4:19 CV 182 CDP, 2019 WL 6876059, at *5 (E.D. Mo. Dec. 17, 2019) (Rule 23 class action); *Murphy v. Aaron's, Inc.*, No. 19-CV-00601-CMA-KLM, 2019 WL 5394050, at *8 (D. Colo. Oct. 22, 2019) (Rule 23 class action).

[3] Each of the limited cases Plaintiff does cite concerning the FLSA are unpersuasive for at least two reasons. First, a number erroneously rely on Rule 23 decisions, absent any critical analysis of the differences between class and collective actions, to reach their decisions; or (2) *See, e.g.*, *Hunt v. Interactive Med. Specialists, Inc.*, No. 1:19CV13, 2019 WL 6528594, at *3 (N.D. W. Va. Dec. 4, 2019) (relying heavily on the analysis underlying the Rule 23 decision in *Morgan*, 2018 WL 3580775); *Garcia v. Peterson*, 319 F. Supp. 3d 863, 880 (S.D. Tex. 2018) (relying exclusively on class action decisions). The others rely on *Swamy v. Title Source, Inc.*, No. C 17-01175 WHA, 2017 WL 5196780, at *2 (N.D. Cal. Nov. 10, 2017), which is legally erroneous for the reasons discussed in Defendant's moving brief and in the following section.

motion, several additional courts have joined the continually growing chorus of district court decisions ascribing to this majority view that *Bristol-Myers* applies to FLSA collective actions. *See id.*; *Canady*, 2020 WL 529708, at *3–5.

   **B.**   **Nothing in *Bristol-Myers* Suggests that It Does Not Apply in Federal Court, and Plaintiff's Related Arguments Are Contrary to Black-Letter Law.**

In a last-ditch effort to avoid the plain jurisdictional infirmities, Plaintiff attempts to seek respite in the Supreme Court's statement at the end of *Bristol-Myers* that it "le[ft] open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." *Bristol-Myers*, 137 S. Ct. at 1783–84. To that end, Plaintiff asserts that *Bristol-Myers* is "immaterial" because the FLSA "has expressly authorized collective actions," and because this case implicates federal claim filed in federal court. (Dkt. No. 40, at 5, 7.)

Neither contention has any merit. The former contention is nothing more than a red herring. As discussed in detail in Defendant's brief and by the Supreme Court, *Bristol-Myers* "does not prevent [in-state and out-of-state] plaintiffs from joining together in a consolidated action in the States that have general jurisdiction over [defendant]." 137 S. Ct. at 1783. Nor does it prevent any plaintiffs from filing collective actions "together in their home States." *Id.* Critically, the question for personal jurisdiction purposes is not— as Plaintiff erroneously suggests—what the FLSA authorizes, but is instead what *due process* permits. *See, e.g., Rafferty v. Denny's, Inc.*, No. 5:18-cv-2409, 2019 WL 2924998, at *7 (N.D. Ohio July 8, 2019) ("The constitutional requirements of due process do[ ] not wax and wane when the complaint is individual or on behalf of a class [or collective]." (alterations in original)).

Plaintiff's second contention amounts to little more than a cribbing of language from *Swamy v. Title Source, Inc.* and its progeny.[4]  No. C 17-01175 WHA, 2017 WL 5196780, at *2 (N.D. Cal. Nov. 10, 2017).  However, while *Swamy*'s conclusory analysis attempted to place weight on the FLSA "address[ing] employment practices nationwide"— hardly a remarkable fact among federal statutes—it wholly failed to address the personal jurisdiction analysis that applies when a federal statute is implicated and that statute *does not* authorize nationwide service of process.  *Id.*; *see also Sunshine Distrib., Inc. v. Sports Auth. Mich., Inc.*, 157 F. Supp. 2d 779, 786 (E.D. Mich. 2001) ("The key requirement under the national contacts theory is a federal statute authorizing nationwide service of process.").

"[T]he FLSA does not provide for nationwide service of process."  *Pettenato*, 2019 WL 5587335, at *9 (citing cases).  While "Congress remains free to authorize nationwide service of process under the FLSA, as it has done in a number of other statutes," it has chosen not to do so to date.  *Id.* at *10.  And that conscious choice dictates the application of *Bristol-Myers* here.

"In the absence of a federal statute authorizing nationwide service of process . . . a federal district court has personal jurisdiction over a non-resident defendant only if courts of the state in which the federal court sits would have personal jurisdiction over the defendant."[5]  *DP Environmental Servs., Inc. v. Bertlesen*, 834 F. Supp. 162, 164 (M.D.N.C.

---

[4] While Plaintiff cites to *Seiffert v. Qwest Corp.*, No. CV-18-70-GF-BMM, 2018 WL 6590836, at *3 (D. Mont. Dec. 14, 2018), and *Mason v. Lumber Liquidators, Inc.*, No. 17CV4780MKBRLM, 2019 WL 3940846, at *7 (E.D.N.Y. Aug. 19, 2019), both decisions simply relied on *Swamy*, absent any independent legal analysis.  They therefore have no persuasive value.

[5] Of course, that is precisely why courts in the Fourth Circuit—including this Court in its order on Defendant's motion to dismiss Plaintiff Hager's personal claims—apply the same personal jurisdiction analysis to FLSA claims that the *Bristol-Myers* court applied.  *See, e.g., Baker v. Kare Mgmt. Solutions, LLC*, No. 1:18-cv-465-AJT-MSN, 2018 WL 4496655,

1993) (Patent Act); *accord Red Hill Ranch, LLC v. Old S. Carriage Co.*, 225 F. Supp. 3d 422, 425 (D.S.C. 2015) (same, under Lanham and Copyright Acts); *Pan-Am. Prods. & Holdings, LLC v. R.T.G. Furniture Corp.*, 825 F. Supp. 2d 664, 677 (M.D.N.C. 2011) (same, under Copyright Act); *Lianyungang FirstDart Tackle Co. v. DSM Dyneema B.V.*, 871 F. Supp. 2d 482, 489 (E.D.N.C. 2012) (holding that, because the Lanham Act did not authorize nationwide service of process, contacts with other states were "irrelevant" to the question of "whether a federal court in North Carolina has personal jurisdiction").  Indeed, the Fourth Circuit has acknowledged this fact in binding authority.  In *Federal Insurance Co. v. Lake Shore Inc.*, the Fourth Circuit held that, because "Congress ha[d] not authorized nationwide service of process in admiralty cases," the jurisdictional inquiry was limited to "defendants' contacts with South Carolina."  886 F.2d 654, 657–58 & n.2 (4th Cir. 1989). *Swamy* and its progeny wholly fail to address this essential aspect of the FLSA, as well as the fact that it necessarily leads the Court to the same jurisdictional analysis and conclusions that were dictated by *Bristol-Myers* and discussed in Defendant's moving brief.

Because Messick had no contacts with West Virginia related to his FLSA claims, this Court has no personal jurisdiction over those claims.  *See, e.g., Vallone*, 2020 WL 568889, at *3; *Canady*, 2020 WL 529708, at *3–6; *Pettenato*, 2019 WL 5587335, at *3–8; *Turner v. Utiliquest, LLC*, No. 3:18-cv-00294, 2019 WL 7461197, at *2–3 (M.D. Tenn. July 16, 2019); *Szewczyk v. United Parcel Serv., Inc.*, No. 19-1109, 2019 WL 5423036, at

at *1 (E.D. Va. Aug. 29, 2018) (looking to contacts with Virginia), *report and recommendation adopted*, 2018 WL 4496482 (E.D. Va. Sept. 19, 2018); *Sigala v. ABR of VA, Inc.*, 145 F. Supp. 3d 486, 489–92 (D. Md. 2015) (noting that the court must look to "Defendants' contacts with Maryland").

*7–8 (E.D. Pa. Oct. 22, 2019); *Chavira*, 2019 WL 4769101, at *4–7; *Rafferty*, 2019 WL 2924998, at *7; *Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 2d 43, 55–62 (D. Mass. 2018); *Maclin v. Reliable Reports of Tex., Inc.*, 314 F. Supp. 3d 845, 850–51 (N.D. Ohio 2018).

## III.   CONCLUSION

For all the foregoing reasons, as well as the reasons set forth in Defendant's moving brief, Messick's Notice of Consent (Dkt. No. 34-1) should be stricken, and Messick should be dismissed from this case without prejudice.

| | |
|---|---|
| Respectfully submitted, | DATED: February 14, 2020 |
| **DINSMORE & SHOHL LLP** | **SEYFARTH SHAW LLP** |
| */s/ Ashley C. Pack* | |
| Ashley C. Pack (WV Bar No. 10477) | Nancy E. Rafuse (*pro hac vice*) |
| Anna M. Dailey (WV Bar No. 4525) | James J. Swartz (*pro hac vice*) |
| 707 Virginia St. E., Suite 1300 | J. Stanton Hill (*pro hac vice*) |
| Charleston, WV 25301 | Andrew M. McKinley (*pro hac vice*) |
| Tel.: (304) 357-9937 | 1075 Peachtree Street, N.E. |
| ashley.pack@dinsmore.com | Suite 2500 |
| anna.dailey@dinsmore.com | Atlanta, GA 30309-3958 |
| | Tel.: (404) 885-3958 |
| | nrafuse@seyfarth.com |
| | jswartz@seyfarth.com |
| | shill@seyfarth.com |
| | amckinley@seyfarth.com |
| | |
| | *Counsel for Defendant Omnicare, Inc.* |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 14, 2020, I caused to be served a true copy of

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE THE NOTICE

OF CONSENT FILED BY EUGENE MESSICK AND TO DISMISS HIM WITHOUT

PREJUDICE by electronic means (ECF) on:

Thomas R. Goodwin
Susan C. Wittemeier
W. Jeffrey Vollmer
Carrie Goodwin Fenwick
**GOODWIN & GOODWIN, LLP**
300 Summers Street, Suite 1500
Charleston, WV 25301
(304) 346-7000
trg@goodwingoodwin.com
scw@goodwingoodwin.com
wjv@goodwingoodwin.com
cgf@goodwingoodwin.com

Harold L. Lichten
Zachary L. Rubin
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston St., Suite 2000
Boston, MA 02116
(617) 994-5800
hlichten@llrlaw.com
zrubin@llrlaw.com

*/s/ Ashley C. Pack*
Ashley C. Pack

*Counsel for Defendant Omnicare, Inc.*