# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

| | |
|---|---|
| CATHY L. HAGER, on behalf of herself and all others similarly situated, </br></br>　　　　Plaintiff, </br></br>v. </br></br>OMNICARE, INC., </br></br>　　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) </br> Civ. Action No. 5:19-cv-00484 |

### DEFENDANT'S MOTION FOR AN ORDER AUTHORIZING THE SECRETARY OF THE STATE OF CALIFORNIA TO EFFECT SUBSTITUTED SERVICE OF PROCESS OF THE SUBPOENA ON R&W DELIVERY, LLC

　　Defendant Omnicare, Inc. hereby notifies the Court of its inability to effectuate service of its second subpoena to produce documents and information on R&W Delivery, LLC ("R&W"). Given Defendant's unsuccessful attempts, it requests that this Court issue an order authorizing the Secretary of State of California to effect substituted service of process of the subpoena. In support of its motion, Defendant states the following:

　　1.　　Plaintiff's Complaint was filed on June 28, 2019. The claims asserted by Plaintiff were claims brought under the Fair Labor Standards Act ("FLSA") on behalf of herself and all others similarly situated who have performed delivery work that allegedly benefited Defendant in the United States and who were classified—by the non-Defendant vendors with whom they contracted—as independent contractors.

　　2.　　On September 29, 2020, this Court entered an order conditionally certified an FLSA collective, with modifications. The Court directed Defendant to provide names and contact information for putative collective members, and stated that Defendant could simply

"contact[] the subcontractors it did business with during the claims period." (Dkt. 44, at 28, 32–33.)

3. 1st Choice Delivery, LLC f/k/a 4SameDay Transportation Ltd ("1st Choice") was one of the vendors whose drivers were arguably encompassed by the Court's directive.[1] Accordingly, Defendant promptly contacted 1st Choice to determine whether it would provide the information required by the Court, which was outside of Defendant's possession, custody, or control. 1st Choice subsequently informed Defendant that it utilized a number of subcontracting entities to assist with providing deliveries, of which R&W—an entity with which Defendant, its parents, subsidiaries, and affiliates had no contractual relationship—was one.

4. Although the Court's conditional certification order did not expressly address such sub-subcontracting entities, on October 26, 2020, through the agent for service, One Source Process, Defendant perfected service on an original subpoena on R&W's registered agent, Richard Lim Quimbo.

5. Although the date for compliance passed, R&W failed to object or otherwise respond to the subpoena. *Id.* To make further efforts at encouraging compliance, and although the subpoena contemplated that service of responses would be appropriate via email, Defendant's counsel issued an updated subpoena that changed the physical address for compliance to one in California. *Id.* Defendant's counsel filed a notice of intent to serve the subpoena on December 9, 2020. (Dkt. 65.)

6. To effectuate service of the updated subpoena, Defendant engaged the same agent for service, One Source Process.

---

[1] Although the vendors did not directly contract with Defendant, Defendant understood the Court's directive to concern any vendors with whom CVS Pharmacy, Inc. entered, concerning deliveries relating to subsidiaries of Defendant.

7. One Source Process has attempted to serve the second subpoena on R&W's registered agent at the address designated by R&W in its corporate filings with the California Secretary of State (Exhibit A) three times. First, One Source Process attempted service on December 10, 2020 with no answer or movement inside. One Source Process then again attempted service on December 11, 2020 with no answer; however, someone inside looked through the peephole but would not respond. Finally, on December 12, 2020, One Source Process attempted service with no answer nor any movement or activity reported. True and correct copies of Affidavits of Service, Non-Service, and Attempted Service is attached hereto as Exhibit B.

8. Because Defendant has been unable to serve the subpoena upon R&W despite its reasonable diligence, Defendant now seeks to effect service on R & W Delivery, LLC by the Secretary of State of California. It is necessary, however, to provide the Secretary of State's office with a court order authorizing substitute Service of Process on R & W Delivery, LLC.

9. Federal Rule of Civil Procedure 4 permits service upon a corporation as to how the state in which it is being served would handle it. Under California Corporations Code 1702(a) and (d), if a designated agent, for the purpose of service of process, cannot be found at the address designated for personally delivering the process, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand, a court of another state, or of any federal court, if the suit has been filed in that court, may make an order authorizing the Secretary of State's office to deliver, by hand, a copy of the process for each defendant to be served, together with a copy of the order authorizing such service.

10. Non-California federal courts have issued orders for substituted California service. *See Yash Techs. v. Prospeed Trading, Inc.*, No. 07-cv-4054, 2009 U.S. Dist. LEXIS 82026, at *6–7 (C.D. Ill. Sept 9. 2009) (explaining that the court had previously ordered substituted service on the California company because they were not able to personally serve it); *Donnals v. Vicoo Indus.*, No. 12-cv-00206-GPM-DGW, 2012 U.S. Dist. LEXIS 50771, at *2 (S.D. Ill. April 11, 2012) (holding that the court may order substituted service on a California corporation).

11. Further, given the passage of time since the original attempts at service, Defendant requests that it be authorized to update the subpoena to reflect the date for R&W's compliance as fourteen days from the date of the order entered by this Court.

12. No previous application for the relief sought herein has been made before this or any other Court.

**WHEREFORE**, it is respectfully submitted that this Court grant the Defendant's motion for an order authorizing the Secretary of State of the State of California, to effect substituted Service of Process of the Second Subpoena, on R & W Delivery, LLC. Defendant further requests that it be authorized to update the subpoena to reflect the date for R&W's compliance as fourteen days from the date of the order entered by this Court.

Respectfully submitted this 22nd day of December 2020,

s/ *Ashley C. Pack*
Ashley C. Pack (WV Bar No. 10477)
Anna M. Dailey (WV Bar No. 4525)
**DINSMORE & SHOHL LLP**
707 Virginia St. E., Suite 1300
Charleston, WV 25301
(304) 357-9937

        ashley.pack@dinsmore.com
        anna.dailey@dinsmore.com

        Nancy E. Rafuse (*pro hac vice*)
        James J. Swartz, Jr. (*pro hac vice*)
        J. Stanton Hill (*pro hac vice*)
        Andrew M. McKinley (*pro hac vice*)
        **SEYFARTH SHAW LLP**
        1075 Peachtree Street, N.E.
        Suite 2500
        Atlanta, GA 30309-3958
        Tel.: (404) 885-3958
        nrafuse@seyfarth.com
        jswartz@seyfarth.com
        shill@seyfarth.com
        amckinley@seyfarth.com

        *Counsel for Defendant Omnicare, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2020, I caused to be served a true copy of **DEFENDANT'S MOTION FOR AN ORDER AUTHORIZING THE SECRETARY OF THE STATE OF CALIFORNIA TO EFFECT SUBSTITUTED SERVICE OF PROCESS OF THE SUBPOENA ON R&W DELIVERY, LLC** by U.S. mail on:

Thomas R. Goodwin
Susan C. Wittemeier
W. Jeffrey Vollmer
Carrie Goodwin Fenwick
**GOODWIN & GOODWIN, LLP**
300 Summers Street, Suite 1500
Charleston, WV 25301
(304) 346-7000
trg@goodwingoodwin.com
scw@goodwingoodwin.com
wjv@goodwingoodwin.com
cgf@goodwingoodwin.com

Harold L. Lichten
Zachary L. Rubin
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston St., Suite 2000
Boston, MA 02116
(617) 994-5800
hlichten@llrlaw.com
zrubin@llrlaw.com

R & W Delivery, LLC
c/o Richard Lim Quimbo
1846 Stargaze Drive
West Covina, California 91790

/s/ Ashley C. Pack
Ashley C. Pack

*Counsel for Defendant Omnicare, Inc.*