UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

CATHY L. HAGER,

        Plaintiff,

v.

                              CIVIL ACTION NO. 5:19-cv-00484

OMNICARE, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Omnicare, Inc.'s ("Omnicare") Motion for an Order Authorizing the Secretary of the State of California to Effect Substituted Service of Process of the Subpoena on R & W Delivery, LLC [Doc. 69], filed December 22, 2020.

**I.**

Omnicare contends it perfected service of an original subpoena through an agent for service on R & W Delivery, LLC's ("R & W") registered agent on October 26, 2020. Omnicare asserts, however, that R & W failed to object or otherwise respond to the same. To encourage compliance, Omnicare contends that it then issued an updated subpoena that changed the physical address for compliance to one in California. Omnicare contends that it has attempted to serve the updated subpoena on R & W's registered agent at the designated address through the same agent for service three times without success. As such, Omnicare moves for entry of an Order authorizing the Secretary of State of California to effect substituted service of process of the second subpoena on R & W. Additionally, given the passage of time since the original attempts at service, Omnicare

requests that it be authorized to update the subpoena to reflect the date for R & W's compliance as fourteen days from entry of any such Order.

## II.

Pursuant to *Federal Rule of Civil Procedure* 4(h), a corporation, partnership, or association may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." An individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Section 17701.16(c)[1] of the California Corporations Code provides pertinently as follows:

> if the designated agent [for service of process] cannot with reasonable diligence be found at the address designated for personal delivery of the process, and it is shown by affidavit to the satisfaction of the court that process against a limited liability company . . . cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20, or subdivision (a) of Section 415.30 of the Code of Civil Procedure, the court may make an order that the service shall be made upon a domestic limited liability company . . . by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing the service.

Simply put, before service can be made via the Secretary of State of California, Omnicare must demonstrate (1) the designated agent, despite reasonable diligence, cannot be found at the designated address for personal delivery of service of process, and (2) by affidavit that the LLC's designated agent cannot, despite reasonable diligence, be personally served.

---

[1] Omnicare cites to California Corporations Code Sections 1702(a) and (d) in its motion; however, such sections only apply to corporations. *See* Cal. Corp. Code §§ 1702(a) and (d). Inasmuch as R & W is an LLC, Section 17701.16(c) applies.

The Court concludes that Omnicare has demonstrated reasonable diligence in its attempt to personally serve process of the second subpoena on R & W, a California LLC, and that R & W's designated agent for process cannot be found at the designated address. Indeed, the sworn statement of Mr. Sano, Omicare's agent for service, indicates that he made three unsuccessful attempts at service of the subpoena. [*See* Doc. 69-2] Specifically, Mr. Sano avers that on December 10 and 12 there was no answer, activity, or movement inside the residence when service was attempted, and on December 11, someone looked through the peephole but would not respond. [*Id.*]

### III.

Accordingly, the Court **GRANTS** Omnicare's motion [**Doc. 69**], **AUTHORIZES** the Secretary of State of California to effect substituted service of process of Omnicare's subpoena on R & W, and **ORDERS** that Omnicare shall update the date for subpoena compliance to fourteen days from the entry of this Order.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTERED: December 30, 2020

Frank W. Volk
United States District Judge